IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN E&S INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:17-CV-850-RP |
| VIATEK CONSUMER PRODUCTS GROUP, INC., | § § § § | |
| Defendant. | § § | |

**Order**

Before the Court in this matter is Plaintiff's motion for entry of default and for default judgment. (Dkt. 9). Having reviewed the motion and the record, the Court issues the following order.

**I. Background**

Plaintiff Great American E&S Insurance Company filed a complaint for declaratory judgment against Defendant Viatek Consumer Products Group, Inc., on August 31, 2017. (Dkt. 1). The declaratory judgment relates to another case before this Court: *YETI Coolers, LLC v. Godinger Silver Art, Ltd.*, 1:17-cv-467-RP (the "Underlying Action"), in which Defendant also appears as a defendant. Plaintiff, an insurance company, seeks a declaration that: (1) it may decline a duty to defend Defendant in connection with the Underlying Action under specifically-enumerated policies, (Dkt. 1, at 17–18); (2) it may decline a duty to indemnify Defendant in connection with the Underlying Action under specifically-enumerated policies, (Dkt. 1, at 18–19); and (3) it is entitled to fees and costs arising from this action, including attorney's fees. Defendant never made an appearance in the instant case and never disputed the facts as alleged by the Plaintiff.

On January 5, 2018, Plaintiff moved for entry of default and default judgment. (Dkt. 9). On the same day, the Clerk of the Court entered a default against Defendant for failing to plead, respond, or otherwise defend. (Dkt. 10). Several months have passed, and Defendant still has not appeared or responded to the complaint.

**II. Discussion**

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant that has failed to plead or otherwise defend itself. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment simply because the defendant is in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, a default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

*A. Whether default judgment is appropriate*

To determine whether to enter a default judgment, the Court considers the following factors: (1) "whether material issues of fact are at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default are clearly established, (3) whether the default was caused by a good faith mistake or excusable neglect, (4) the harshness of a default judgment, and (5) whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998). Second, the Court must review the pleadings to determine whether the party seeking default judgment has established a viable claim for relief. *See Nihimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975).

None of the five factors counsel against granting default judgment in this case. Defendant has not filed any responsive pleadings; thus there are no material facts in dispute. *See Lindsey*, 161

2

F.3d at 893. The lack of a response by Defendant threatens to bring the adversary process to a halt, resulting in prejudice to Plaintiff's interests. Moreover, Plaintiff seeks only a declaration as to its obligations under its insurance policies. There is no evidence to indicate that the default was caused by "good faith or excusable neglect." *See id.* Defendant's failure to respond over the past six months mitigates the harshness of the default judgment. Lastly, there are no facts currently before the Court that would give rise to "good cause" to set aside the default judgment if challenged by Defendant.

The Court further concludes that Plaintiff's pleadings establish a viable claim for relief. Setting out the relevant portions of the policies, Plaintiff's complaint alleges that its policies do not afford coverage for Defendant's claim that Plaintiff has a duty to defend it in the Underlying Action and indemnify Defendant in the Underlying Action. Consequently, the Court finds that Plaintiff's pleadings contain a sufficient basis for judgment in favor of Plaintiff.

### B. *Whether declaratory relief is appropriate*

"When considering a declaratory judgment action, a district court must engage in a three-step inquiry. First, the court must determine whether the declaratory action is justiciable." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). In other words, the Court must be satisfied that the declaratory judgment suit presents an actual "controversy." *Id.* "Second, if it has jurisdiction, then the district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented." *Id.* (citation omitted). "Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." *Id.* (citation omitted).

#### 1. Justiciability

"A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Id.* at 896 (citations omitted). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality' [exists] between parties having adverse legal interests." *Id.* (citations omitted). "Whether particular facts are sufficiently immediate to

establish an actual controversy is a question that must be addressed on a case-by-case basis." *Id.* (citations omitted).

After being sued in the Underlying Action, Defendant requested that Plaintiff defend and indemnify Defendant in the Underlying Action. Plaintiff denied the duty to defend and indemnify Defendant in the Underlying Action pursuant to its policies. Thus, the question of the scope of the policies is ripe for determination because, without it, there would be a controversy and disagreement between Plaintiff and Defendant about whether Plaintiff has a duty to defend and indemnify.

### 2. Requisite authority

"Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is prohibited from enjoining the state proceedings under [28 U.S.C. §] 2283." *Sherwin–Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 n. 1 (5th Cir. 2003) (citations omitted).

Nothing before the Court establishes the existence of a similar, parallel state court action relating to this cause. With no evidence of a similar pending state court action, the Court has the authority to grant declaratory relief pursuant to the guidelines set forth in *Orix Credit Alliance*.

### 3. Declaratory relief

Pursuant to the third step set forth in *Orix Credit Alliance*, a district court faced with a declaratory relief action must determine whether to exercise or decline jurisdiction. The Fifth Circuit has stated that, when determining whether to exercise or decline jurisdiction over a declaratory judgment action, a district court should consider several important factors: (1) whether a state action is pending in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed the declaratory action suit in anticipation of a suit by the defendant; (3) whether the plaintiff

4

engaged in forum shopping in bringing the suit; (4) whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is convenient for the parties and witnesses; (6) whether retaining the case in federal court will serve judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Sherwin–Williams*, 343 F.3d at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

The record before the Court indicates that the *Trejo* factors balance in favor of resolving Plaintiff's request for declaratory relief. There is no evidence of a parallel state court action. In addition, fairness weighs in favor of granting default judgment, and a declaratory judgment would further judicial efficiency. A declaratory judgment in this case will settle the question of Plaintiff's duty to defend and indemnify and afford Plaintiff relief from uncertainty regarding its duties.

### III. Conclusion

For these reasons, the Court finds that Plaintiff is entitled to a default judgment as to its request for a declaratory judgment. Accordingly, the Court **GRANTS** Plaintiff's motion for default and default judgment, finding that:

1. Plaintiff may decline a duty to defend Defendant in connection with the Underlying Action under the Policies as defined in the complaint, (Dkt. 1);

2. Plaintiff may decline a duty to indemnify Defendant in connection with the Underlying Action under the Policies as defined in the complaint, (Dkt. 1); and

3. Plaintiff is entitled to fees and costs arising from this action, including reasonable attorney's fees.

**IT IS ORDERED** that Plaintiff has until April 11, 2018 to move for fees and costs.

**SIGNED** on March 28, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE